Alva Dunlap, Appellant, *v.* James Daugherty *et al.*, Appellees.

APPEAL FROM PEORIA.

Where the clerk of a court of record of another State, certifies that the acknowledgment to a copy of a recorded deed, was, when it was taken to the original, in conformity with the laws of such State, and that the person who took it was then a justice of the peace, it will be sufficient; although the certificate of conformity bears date the seventh of August, 1855, and the acknowledgment the fourteenth of July, 1821.

A party who interposes the benefit of limitation, derived under the ninth section of the twenty-fourth chapter of the Revised Statutes, to an action of ejectment, must show that the payment of taxes, and the color of title, were by and in the same person. Payment of taxes by different persons, for seven years, one of whom had only a contract for a conveyance, is insufficient.

That the justice who took the acknowledgment, was such, and acted in Windham county, Connecticut, will be presumed, where the grantor is described in the deed, as residing in the same county, and the county is named in the caption of the certificate.

THIS was an action of ejectment, brought by appellees against appellant, for S. W. Sec. 2, T. 10 N., 7 E., in Peoria county. Plaintiff below produced patent for the land to Henry Howe, dated May 27, 1818; next a certified copy of. a deed from Henry Howe to John Morgan, to which was attached the following certificates: "Windham County, ss. Canterbury, July 14, 1821. Then personally appeared Henry Howe, signer and sealer of the foregoing instrument, personally appeared and acknowledged the same to be his free act and deed, before me, Andrew T. Judson, justice of the peace." Then followed the certificate of the recorder of Pike county, that the above is a true copy. Also the following certificate :

"State of Connecticut, County of Windham, ss : I, Uriel Fuller, clerk of the Superior Court, in and for said county of Windham, (which said court is a court of record,) do hereby certify that Andrew T. Judson, Esq., whose name appears to be attached to the certificate of acknowledgment of the annexed certified copy of a deed from Henry Howe to John Morgan, was, on the 14th day of July, A. D. 1821, a justice of the peace in and for said county of Windham, and State aforesaid, duly commissioned and qualified; and I do further certify, that said *certified copy of said deed* is executed and acknowledged in conformity with the laws of the State of Connecticut, as they were in force on the said 14th day of July, 1821.

"In testimony whereof," etc.

Which deed was objected to, on account of insufficiency of proof, (no objection being taken to want of locality in certificate of justice), which objection the court overruled, and permitted the deed to go to the jury.

The plaintiff then offered a quit-claim deed from John Morgan to the plaintiffs, dated June 2, 1855, properly executed, containing the following description : that certain piece or parcel of land, situate, lying and being in the county of Peoria and State of Illinois, being the south-west quarter of section two, in township ten north, in range seven west of the 4th principal meridian. Patented to Henry Howe, and by him conveyed to me by deed, dated at Canterbury, Windham county, Conn., July 14, 1821. To the reading of which deed, the defendant objected, for reason of insufficiency of description of the land, which objection was overruled.

Possession of premises was admitted by defendant, at time suit was brought. The defendant then read in evidence, as claim and color of title, a deed of the land in controversy, from the auditor of the State of Illinois, to Robert H. Peebles, dated February 10th, 1832, on sale of taxes, January 12th, 1831, for taxes of 1830, which deed was objected to, and objection overruled.

Defendant then read in evidence, a deed of the land from Robert H. Peebles to John Tillson, Jr., dated February 10th, 1832; next a deed from John Tillson, Jr., to Russell H. Nevins, dated April 26th, 1832; then a deed from Russell H. Nevins to Elihu Townsend and others, and from Elihu Townsend and others to David H. Nevins, February 25th, 1835; to the reading of which, objection was made, on account of insufficiency of certificate of acknowledgment, and objection overruled.

Defendant then read deed from David H. Nevins to Townsend and others, February 26th, 1835, and from Townsend and others to Charles F. Moulton and others, Dec. 17th, 1835; also deed from last named grantors, to Lamb and Dunlap, April 30th, 1838, which was objected to on account of insufficiency of acknowledgment, and overruled.

Defendant then offered and read in evidence, for purpose of establishing claim and color of title, in good faith only, a deed from C. Orr, sheriff of Peoria county, to Lamb and Dunlap, dated June 3rd, 1842, upon sale for taxes of the year 1839, in 1840. Next a deed from Lamb and Dunlap to Nevins and Alstyne, November 15th, 1844; to which deed objection was made, on account of insufficiency of acknowledgment, and overruled. Also a deed from Nevins and Alstyne to Mordecai D. Lewis and others, September 1st, 1845; and from last named grantees, to Charles S. Folwell, October 19th, 1846; and from said Folwell to defendant, January 22, 1850; all of which conveyances properly described the land in controversy.

Defendant also introduced in evidence, an agreement between defendant and Folwell, for the purchase of said land, dated December 6th, 1849; and proved by George C. Bestor, that he acted as agent of said Folwell, in effecting said sale to defendant, and received the deed for delivery, in October, 1852, and delivered the same to defendant some time after.

*Charles S. Folwell* testified, that the said Mordecai D. Lewis and others, grantees of said land from Nevins and Alstyne, held the land as trustees of the United States Bank, and the conveyance was made by them to witness, to hold as such trustee. That witness paid the taxes on said land, for the years 1844, 1845 and 1846, as agent for said trustees, and as such trustee. Defendant proved the payment of all taxes assessed on said land, by Charles S. Folwell, in the years 1845, 1846, 1847, 1848, 1849, and of all taxes assessed for years 1850, 1851, 1852, 1853 and 1854, by defendant, and that the said land was vacant and unoccupied from 1842 till 1853.

The court, POWELL, Judge, instructed the jury as follows:

1. That the second section of the act of March 2nd, 1839, is unconstitutional.

2. That the defendant has not proved any legal evidence in this case; and if the jury believe, from the evidence, that the plaintiffs have shown a title in themselves, derived from the United States, they are entitled to recover.

The defendant asked the court to give the following instruction, which was refused.

If the jury believe, from the evidence, that the defendant had, at the time of the commencement of this suit, color of title, made in good faith, to the land in controversy, and that he, and the persons under whom he claims and holds such color of title, have paid all taxes legally assessed thereon, for seven successive years, which such land was vacant and unoccupied, and that such taxes were all properly paid, under the title which the defendant has shown in evidence, by or for persons under whom he claims, and who, at the time of the payment of such taxes, also held the same color of title, also, in good faith, then they will find for the defendant.

To the giving which instructions for plaintiffs, and refusing the instruction asked by defendant, defendant excepted.

The jury found for plaintiffs; defendant moved for a new trial, which was overruled, and an appeal taken by defendant, and the appellant makes upon the record the following assignment of errors:

1. The court erred in permitting the deed from Henry Howe to John Morgan, to be read to the jury.

2. The court erred in permitting the deed from John Morgan to plaintiffs, to be read in evidence to the jury.

3. The court erred in giving the instructions for the plaintiffs.

4. The court erred in refusing the instruction asked by the defendant.

5. The court erred in overruling defendant's motion for a new trial.

6. The court erred in rendering judgment against defendant.

MANNING & MERRIMAN, for Appellant.

N. H. PURPLE, and WEAD & WILLIAMSON, for Appellees.

WALKER, J. This was an action of ejectment brought by appellees against appellant in the Peoria Circuit Court, for the recovery of S. W. Sec. 2, T. 10 N., 7 east. The plaintiffs below read in evidence a patent from the United States, for the land, to Henry Howe, dated May 27th, 1818; next, a certified copy of a deed from Henry Howe to John Morgan, to which was attached the following certificates: " Windham County, ss. Canterbury, July 14th, 1821. Then personally appeared Henry

Howe, signer and sealer of the foregoing instrument, personally appeared and acknowledged the same to be his free act and deed, before me, Andrew T. Judson, justice of the peace." Then followed the certificate of the recorder of Pike county, in due form, that the above is a true copy. Then follows this certificate : " State of Connecticut, County of Windham, ss. : I, Uriel Fuller, clerk of the Superior Court in and for said county of Windham, (which said court is a court of record) do hereby certify that Andrew T. Judson, Esq., whose name appears to be attached to the certificate of the acknowledgment of the annexed certified copy of a deed from Henry Howe to John Morgan, was, on the 14th day of July, A. D. 1821, a justice of the peace in and for said county of Windham, and State aforesaid, duly commissioned and qualified ; and I do further certify, that the said *certified copy of said deed* is executed and acknowledged in conformity with the laws of the State of Connecticut, as they existed and were in force on the said 14th day of July, 1821. In testimony whereof, I have hereunto set my hand and affixed the seal of said Windham county, at Windham county aforesaid, this seventh day of August, A. D. 1855. Uriel Fuller, clerk." To this certificate the seal of court was annexed. The plaintiffs then read in evidence a quit-claim deed from John Morgan to the plaintiffs, dated June 2nd, 1855, properly executed, but containing a description of the land as lying in Peoria county and State of Illinois, and describing it as lying " in range seven *west* of the fourth principal meridian. Patented to Henry Howe, and by him conveyed to me by deed dated at Canterbury, Windham county, Conn., July 14th, 1821."

The defendant then read in evidence color of title derived from tax sales of 1830 and 1840, with a connected chain. Folwell, of whom defendant purchased, received a deed for the premises in October, 1846. Defendant agreed with Folwell for the purchase of this land the 6th of December, 1849, and received a deed after October, 1852, through Folwell's agent, which bore date the 22nd of January, 1850. Defendant also proved that Folwell paid the taxes on this land for the years 1844, 1845, 1846, 1847, 1848, and 1849, and by himself for the years 1850, 1851, 1852, 1853, and 1854. The defendant admitted possession of the land at the commencement of the suit, and that it was vacant from 1842 till 1853. The jury found a verdict for the plaintiffs, upon which the court rendered a judgment, and from which the defendant appeals to this court.

The first question which we propose to consider, is, the sufficiency of the clerk's certificate of conformity to the copy of the deed from Howe to Morgan, to entitle it to be read in evidence. The act of 1851, p. 123, allowing copies of deeds to be

read in evidence when the certificate of acknowledgment is not in conformity with the laws of this State, provides that the party offering it shall exhibit with it a certificate of conformity, as provided for in the sixteenth section of chapter twenty-four of the Revised Statutes. The provision referred to is, " Any clerk of a court of record within such State, territory or district, shall, under his hand and the seal of such court, certify that such deed is acknowledged or proved in conformity with the laws of such State, territory, or district." Taking these two provisions together, it appears this copy was certified by the proper officer, and if his certificate were attached to a deed instead of to a copy, its sufficiency could hardly be questioned. The clerk certifies that the person whose name appears to the certificate of acknowledgment, was, at the time it bears date, an acting justice of the peace in the county of Windham, State of Connecticut, duly commissioned and qualified, and that the certified copy of the deed is executed and acknowledged, in conformity with the laws of the State of Connecticut, as they existed and were in force at the date of the certificate of acknowledgment. The fact that Judson was a justice of the peace in Windham county, Connecticut, and that Howe, the grantor, is described in the deed as residing in the same county and State, affords strong evidence, when taken with the fact that Windham county is at the caption of the certificate, that the justice acted within the county of Windham and State of Connecticut when he took the acknowledgment.

The clerk certifies that this certified copy is acknowledged in conformity with the laws of Connecticut in force at the date of the original deed. When the certified copy is examined, it is found that there is no other acknowledgment to it, but what purports to be a copy of the certificate to the original deed, and the clerk's certificate could have referred to no other, and if the copy of the certificate of the justice to the copy of the deed was in conformity with the laws of Connecticut when it was made, it follows that the original certificate must have been in conformity. We perceive no error in admitting the copy in evidence.

The next question is, whether the defendant has brought himself within the provisions of the ninth section of the twenty-fourth chapter of the Revised Statutes. That section provides, that " Whenever a person having color of title, made in good faith, to vacant and unoccupied lands, shall pay all taxes legally assessed thereon for seven successive years, he or she shall be deemed and adjudged to be the legal owner of said vacant and unoccupied land, to the extent and according to the purport of his or her paper title." In giving a construction to this provision, it may be necessary to contrast it with the first clause of

the eighth section of the same chapter, which provides, that "Every person in the actual possession of lands or tenements under claim and color of title made in good faith, and who shall for seven successive years continue in such possession, and shall also, during said time, pay all taxes legally assessed on such lands or tenements, shall be held and adjudged to be the legal owner of such lands or tenements, to the extent and according to the purport of his or her paper title." When language so nearly similar is employed at the same time, and in the same act, in two different sections, and both relating to the same class of things, we find it difficult to ascertain the legislative intention. The legislature must have had a different object in passing the two sections. They must have intended to protect different kinds of titles, or persons occupying a different relation to the same character of title, or both. If they had intended the two provisions only to operate upon one kind of title, and all persons in the same relation to that character of title, why adopt both provisions, when the latter would have covered all that is embraced in the two. But that such was their intention is repelled by the significant fact that the language employed is different, and certainly makes a clear distinction in the persons who may be connected with the title intended to be protected. By the eighth section, the person must be in possession under claim and color, and must pay taxes under such claim and color of title, for the required period of time; while by the ninth section he is not required to have possession, nor permitted to hold or pay taxes under a person having color, but must himself have the color of title and pay the taxes. This section does not permit a person claiming under color to rely upon the statute. But the eighth section, by its phraseology, does permit the person claiming under the color of title to hold the possession and to pay the taxes, for his claim and possession, and the color of title when united, make the claim and color of title and the possession required by the statute. This is the construction already given to the eighth section by this court. *Cofield* v. *Furry*, 19 Ill. R. 183 ; *Darst* v. *Marshall*, 20 Ill. R. 227. Justice would require that more protection should be given to the actual occupant, who expends his money and labor in improving the soil, and pays the taxes for the required period, than to the person who only pays the taxes, without occupation, for the same length of time ; and we doubt not that such was the intention of the legislature in adopting the eighth section, and hence they inserted the provision for the protection of persons holding possession, and paying taxes under claim from the person having the color of title. While by the ninth section, in favor of the tax payer having color of title, it is required

that both things must unite in the same person : that the person paying the taxes must at the time have the color of title. This court says, in the case of *Newland* v. *Marsh*, 19 Ill. R. 376, in construing this section, that the statute "does not commence running only from possession taken of the land, but from the time of the concurrence of the two things : the color of title and payment of taxes, and has performed its office when the color of title and payment of taxes have gone together for the period of limitation."

In this case, the two things required have not concurred ; the color of title and payment of taxes have not gone together for the period of limitation. There was not a period of seven successive years in which the person paying the taxes had the color of title at the time of payment. Folwell paid for two years before he became the owner. The defendant paid for two or three years, under his contract for a conveyance, and before he received his deed, and without including these payments by him, payment of the taxes for seven successive years was not shown. And the defendant not having shown color of title and payment of taxes running together for the period limited, has failed to bring himself within the provision of the ninth section, he cannot rely on it as a bar to plaintiff's action, and the judgment of the court below should be affirmed.

*Judgment affirmed.*